IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINUS EKENE,

      Plaintiff,                   No. 2:12-cv-0244 EFB P

   vs.

TRAN,

      Defendant.           ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A(a), plaintiff has filed an amended complaint.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In the amended complaint, plaintiff alleges that defendant Tran refused plaintiff's requests to take plaintiff to the law library, despite plaintiff's proof of a court deadline. According to the allegations in the complaint, plaintiff missed a court deadline as a result and was unable to file objections to the court's report and recommendation, which hindered plaintiff's chances of winning the case. *See* Am. Compl. § IV (Dckt. No. 10).

In its initial screening order the court informed plaintiff that his allegations failed to state a cognizable access to the courts claim against any defendant. Specifically, the court informed plaintiff of the following:

////

1 Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430
U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging
2 their sentences or the conditions of their confinement to conclusion without *active
interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th
3 Cir. 2011). An inmate alleging a violation of this right must show that he suffered
an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff
4 must allege that the deprivation actually injured his litigation efforts, in that the
defendant hindered his efforts to bring, or caused him to lose, an actionable claim
5 challenging his criminal sentence or conditions of confinement. *See id.* at 351;
*Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). Plaintiff fails to plead
6 facts sufficient to state a claim that any defendant denied him access to the courts.

7 Dckt. No. 6 at 3. Plaintiff's amended complaint does not cure the deficiencies identified in the

8 court's initial screening order, as it does not include facts demonstrating that plaintiff suffered an

9 "actual injury" for an "actionable claim." The amended complaint must therefore be dismissed

10 for failure to state a claim.

11 Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable

12 claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss

13 the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

14 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if

15 a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint

16 lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]

17 district court should grant leave to amend even if no request to amend the pleading was made,

18 unless it determines that the pleading could not be cured by the allegation of other facts.").

19 Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed

20 for failure to state a claim and the Clerk is directed to close this case.

21 Dated: July 17, 2012.

23 EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3